2. Because mere slander or defamation by spoken words is, unlike libel, not indictable by common law, and has never been made a crime by express statute, Penal Law (Consol. Laws, c. 40) § 43, punishing any person who willfully and wrongfully commits any "act" which outrages public decency, is not to be construed as covering the mere utterance of defamatory language.

Judge Bartlett held that section 43 was designed to deal with acts or deeds, and not words, and that words alone could never constitute a violation of said section. Judges Chase and Miller concurred. Judge Werner wrote an opinion to the effect that words alone could constitute a violation of section 43, but did not think they did in that case, because of lack of proof to show that the Polish words spoken would violate the standard of decency of the Polish audience in question. Judge Cullen concurred. Judge Hiscock wrote an opinion holding that the words in question did constitute a violation of section 43. Judge Hogan concurred. The majority of the court held that words alone may be such as to openly outrage public decency in violation of section 43. Judge Werner said (212 N. Y. 202, 105 N. E. 835):

"To the extent that this statute deals with acts and language so obviously offensive to the general sense of public decency that there is really no room for discussion, the courts of criminal jurisdiction will have no difficulty in applying and enforcing its provisions."

Applying this general rule of interpretation to the case at bar, there can be no doubt but that the words used by the defendant fall under the general definition given by Judge Werner as "obviously offensive to the general sense of public decency." Finally, Judge Bartlett, while holding that the words in the Tylkoff Case did not violate section 43, said:

"Annoying language amounting to a nuisance is dealt with elsewhere in the statute. Penal Law, § 720."

Section 43 refers to acts alone, whereas section 720 contains the words "acts or language," and is therefore broad enough to take in a case like the one at bar. It follows that the Tylkoff Case is in harmony with the conclusions reached in the present case.

The judgment appealed from must be affirmed. Ordered accordingly.

---

## In re WARDEN'S ESTATE.

(Surrogate's Court, New York County. March 27, 1916.)

1. TAXATION ⊸878(2)—TRANSFER TAX—APPOINTMENT.
    Under Tax Law (Consol. Laws, c. 60) § 220, subd. 6, providing that, when any person shall exercise a power of appointment, it shall be deemed a transfer taxable in the same manner as though the property to which the appointment relates were the absolute property of the donee of the power, property situated within the state, to be passed by virtue of appointment by the donee of the power, is taxable, though his power of appointment was conditioned on the death of a life tenant without issue and the life tenant outlived the donee, since the appointment became absolute imme-

diately upon the death of the life tenant without issue, and the property then was transferred under the appointment.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. ☞878(2).]

2. TAXATION ☞897—TRANSFER TAX—APPOINTMENT—LIFE ESTATE.

Where a testator was given a surviving life estate in a certain trust fund, with power to appoint the remainder, and died during the life of the holder of the previous life estate, having exercised his power, the value of his life estate should be deducted from the value of the property subject to the power in determining the transfer tax.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. ☞897.]

Proceeding for assessment of transfer tax due from the estate of Clarence Warden, deceased. From an order of the appraiser, assessing the tax on certain property, the recipient thereof appeals. Order reversed, and report remitted to appraiser to make certain taxations.

Cadwalader, Wickersham & Taft, of New York City (Francis Smyth and Laurence Millet, both of New York City, of counsel), for appellant.

Charles T. Kunkel, of Brooklyn, for state comptroller.

FOWLER, S. The appointee of certain property transferred by virtue of the exercise of a power of appointment by the decedent herein has appealed from the order assessing a tax upon the value of said property and contends that it is not subject to a transfer tax in this state.

William D. Warden died in 1895, leaving a will by which he gave to Clarence Warden, the decedent herein, a surviving life estate in one-half of a certain trust fund bequeathed to Juliet P. R. Carington for life. He also gave to the decedent the power to appoint the remainder after his surviving life estate in the trust fund. The decedent herein died in 1907, and Juliet P. R. Carington died in 1913. The decedent made a will in which he exercised the power of appointment given to him under the will of William D. Warden. By virtue of the exercise of that power certain property, consisting of bonds and mortgages on real estate in this state, was transferred to William F. Warden, the appellant herein. The value of the property transferred was ascertained by the appraiser to be the sum of $24,655. William D. Warden, the donor of the power, had his domicile in the Kingdom of Great Britain and Ireland, and the trustees under his will were nonresidents of this state. The decedent, Clarence Warden, had his domicile in the state of Maine. The affidavit filed with the appraiser on behalf of the estate alleged that the only property within the state of New York held by the trustees under the will of William D. Warden for the benefit of Juliet P. R. Carington at the date of decedent's death consisted of bonds and mortgages on New York real estate. It is not specifically alleged that the bonds were physically located within this state, but this material fact is conceded in the brief of the attorneys for the estate.

[1] The question presented for determination, therefore, is whether the transfer of such bonds and mortgages, by virtue of the power of

appointment exercised by the decedent, is subject to a transfer tax. The appellant contends that the decedent, when he exercised the power of appointment given to him in the will of William D. Warden, transferred only a chose in action, and as the decedent was a nonresident such a chose in action had its situs in the state in which he had his domicile. While it is true that the decedent at the time of his death was not entitled to any specific part of the property held in trust for the benefit of Juliet P. R. Carington, he had the right to appoint that property if she died without issue. As she left no issue, the power of appointment given to the decedent became absolute immediately upon her death, and the property constituting the trust fund was then transferred to the appointee by virtue of the power of appointment exercised by the decedent.

Subdivision 6 of section 220 of the Tax Law provides that when any person shall exercise a power of appointment it shall be deemed a transfer taxable in the same manner as though the property to which the appointment relates belonged absolutely to the donee of the power. The decedent herein exercised the power, and the property which was actually transferred by the exercise of the power was the bonds and mortgages located in this state. Such property, therefore, is to be regarded as the property of the decedent for the purposes of the Transfer Tax Law, and is subject to taxation under the provisions of that law in force at the date of decedent's death. It is true that the particular property mentioned in the appraiser's report was not transferred at the date of decedent's death, because the power was not absolute at that time; but as soon as the event upon which the power was limited took place, the exercise of the power by the decedent became effective and the property passed under it to the appointee.

[2] The facts in this case are practically the same as those in the Matter of Wright, 214 N. Y. 714, 108 N. E. 1112. In that matter this court held that the property passing by virtue of the power of appointment, and which consisted of stocks of domestic corporations, was subject to a tax in this state. The Court of Appeals affirmed that decision, except as to the deduction of the life estate of the donee of the power. Upon the authority of that case I will hold that the bonds and mortgages which were located in this state, and which were transferred to the appointee by virtue of the power of appointment exercised by the decedent, are subject to a transfer tax under the Tax Law of this state. The appraiser, however, should have deducted from the value of such bonds and mortgages the value of the life estate of Juliet P. R. Carrington. Matter of Wright, supra.

The order fixing tax will be reversed, and the appraiser's report remitted to him for the purpose of deducting the value of Juliet P. R. Carrington's life interest in the value of the bonds and mortgages subject to a tax in this state. Settle order on notice.